```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION


BARRY L. MOTES, JR., # 243680,   *
                                 *
    Plaintiff,                   *
                                 *
vs.                              *  CIVIL ACTION NO. 19-00372-TFM-B
                                 *
TREY OLIVER, III, et al.,        *
                                 *
    Defendants.                  *
```

### REPORT AND RECOMMENDATION

Plaintiff Barry L. Motes, Jr., an Alabama prisoner proceeding *pro se* and *in forma pauperis*, filed the instant action seeking relief under 42 U.S.C. § 1983, which has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of the complaint (Doc. 1), it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  Legal Standards for Screening a Complaint for Maliciousness.**

Because Motes seeks leave to proceed *in forma pauperis* by filing his motion to proceed without prepayment of fees (Doc. 2), the Court is required to screen his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). That section requires the dismissal of an *in forma pauperis* prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting of an action that was dismissed for abuse of the judicial process because the inmate lied under penalty of perjury about the existence of a prior lawsuit as a strike under 28 U.S.C. § 1915(g)), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); see also, e.g., Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014) (per curiam) (finding that district court did not abuse its discretion in dismissing prisoner's complaint without prejudice for failing to disclose two previously dismissed federal actions on his complaint form); Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (per curiam) (affirming dismissal without prejudice of prisoner's action where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case dismissed years earlier for failure to state a claim); Harris v. Warden, 498 F. App'x 962,

964 (11th Cir. 2012) (per curiam) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose the type of cases the complaint form required him to disclose); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 131-32 (11th Cir. 2012) (per curiam) (affirming the dismissal without prejudice of an inmate's action when he avowed on the complaint form under the penalty of perjury that he had never had an action dismissed prior to service process, even though he had at least one), cert. denied, 569 U.S. 960 (2013); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (per curiam) (affirming the dismissal without prejudice of the inmate's action when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for disclosure of such lawsuits).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed. See Schmidt, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action for the plaintiff's failure to disclose prior lawsuits because the statute of limitations had not expired and the complaint could be re-filed). When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice, because a plaintiff is

3

unable to re-file a viable action, and the court should then consider lesser sanctions. Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (per curiam). In Alabama, the statute of limitations for filing a § 1983 action is two years. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir. 1992), cert. denied, 506 U.S. 917 (1992); Ala. Code § 6-2-38(l).

**II. Analysis.**

In the present action, the complaint form asked Motes whether he had filed any other lawsuits in state or federal court relating to his imprisonment. (Doc. 1 at 3). Motes denied having filed other lawsuits relating to his imprisonment. (Id. at 3; Doc. 1-1 at 2; Doc. 1-2 at 2). Motes then proceeded to sign his complaint under penalty of perjury. (Doc. 1 at 7; Doc. 1-1 at 6; Doc. 1-2 at 5).

In screening Motes' complaint under 28 U.S.C. § 1915(e)(2)(B), the Court discovered in its examination of PACER (Public Access to Court Electronic Records)[1] that Motes previously filed another action relating to his imprisonment, of which he did

---

[1] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. See Grandinetti v. Clinton, 2007 U.S. Dist. LEXIS 43425, at *2, 2007 WL 1624817, at *1 (M.D. Ala. Apr. 5, 2007).

4

not advise the Court, namely, Motes v. Cochran, 1:19-cv-00037-JB-N, (S.D. Ala. filed Dec. 10, 2018).[2] In that § 1983 action, brought approximately six months prior to the instant case, Motes alleged that, while he was in disciplinary segregation at Mobile County Metro Jail on November 25, 2018, a dangerous state prisoner was placed in the cell with Motes and one other inmate, that the state prisoner told the correctional officer that he was going to try to kill Motes and the other inmate, that Motes told the officer he feared for his life and requested to be moved, that nothing was done, and that Motes was then beaten by the state prisoner and had to be taken to the emergency room. Id. at ECF No. 1. He sought $500,000 in "compensation damages." Id. That previously-filed action remains pending in this Court.

After discovering and reviewing Motes' prior § 1983 prisoner action, the Court concludes that Motes did not disclose his previous lawsuit or provide any information about his prior action, although the complaint form in this action expressly requests such information. (See Doc. 1 at 3). It is thus clear that when Motes filed the present complaint on June 3, 2019, he knowingly chose

---

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

not to list all his prior actions and then proceeded to sign his complaint under penalty of perjury. (Id. at 7; Doc. 1-1 at 6; Doc. 1-2 at 5).

The Court's complaint form requests information about prior actions from a prisoner plaintiff to assist it in determining if the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), if the action is connected to another action, and if the plaintiff is familiar with litigating his claims. See Doctor v. Nichols, 2015 U.S. Dist. LEXIS 124946, at *9-10, 2015 WL 5546397, at *3 (N.D. Fla. Aug. 19, 2015). When the prisoner fails to provide information about all of his prior actions on the complaint form, the Court is deprived of this knowledge to assist it in handling the prisoner's action, which causes the Court to expend more time and resources. Doctor, 2015 U.S. Dist. LEXIS 124946, at *10, 2015 WL 5546397, at *3.

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, filing, or other paper "to the best of [his] knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(a) & (b)(1) & (2). The purpose of Rule 11 is to impress on the signer his

6

personal responsibility for validating "the truth and legal reasonableness of the document" he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 543, 547 (1991).

Because Motes was not truthful to the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for abuse of the judicial process. The only reason the undersigned would not recommend dismissing this action without prejudice is if the present action could not be re-filed because the two-year statute of limitations for § 1983 actions had expired.

An examination of the complaint reflects that Motes names as Defendants Trey Oliver III, the Warden at the Mobile County Metro Jail, and Captain Stallworth, an officer at the jail. (Doc. 1 at 5). Motes complains that "[b]etween the dates of Feb. 27th, 2019 and April 27th, 2019," Captain Stallworth expelled him from the Mobile County Metro Jail's GED program because she accused Motes of telling "the chaplain staff that [Motes was] being set up by placing [Motes] in the class room with a female inmate while being a sex offender" and that "the chapel staff have it documented." (Id. at 4). However, Motes alleges that the chaplain told him there is no such documentation. (Id.). Motes further alleges

7

that he sent a grievance about this matter to Warden Oliver on June 18 or 19, 2019, but that Warden Oliver failed to properly investigate the matter. (Id. at 4-5). Motes also appears to allege that Captain Stallworth defamed him during the grievance procedure on June 18 or 19, 2019. (Id. at 5). For relief, he requests $50,000 in damages for mental anguish, and to be allowed to return to the jail's GED program if he is still incarcerated. (Id. at 7).

Considering that the actions complained of are alleged to have occurred in February 2019 at the earliest, Motes will be able to re-file his action before the two-year statute of limitations expires, if he elects to do so. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

**III. Conclusion.**

For the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because it is malicious.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **July, 2019.**

                                             **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**